Index No. 21 Civ. 7001 (DG)(LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Dianna Lysius,

Plaintiff,

-against-

New York City Law Department, Phillippe Knabb, Holly Ondaan, Carmelyn P Malalis, and Zoey Chenitz

Defendants.

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

**HON. SYLVIA HINDS-RADIX**
*Corporation Counsel of the*
*City of New York*
Attorney for Defendant New York City Law Department
100 Church Street
New York, N.Y. 10007

Of Counsel: Doris Bernhardt

Service Date: March 29, 2022

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....- 1 -

STATEMENT OF FACTS ....- 2 -

The CCHR Proceeding ....- 2 -

The Ongoing State Court Action ....- 3 -

The Instant Action....- 4 -

STANDARD OF REVIEW ....- 5 -

ARGUMENT....- 7 -

I. The Complaint Fails To State Any Claim Upon Which Relief Can Be Granted....- 7 -

II. The Relief Sought in the Complaint is Unconnected to the Allegations or is Otherwise Unavailable....- 9 -

III. *Younger* Abstention Precludes Any Additional Relief....- 11 -

CONCLUSION....- 13 -

**TABLE OF AUTHORITIES**

**Cases** **Pages**

*Apargo v. New York State Comm'n on Judicial Conduct*,
351 F.3d 65 (2d Cir. 2003)....................11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................5, 6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................6

*City of Newport v. Fact Concerts, Inc.*,
453 U.S. 247 (1981)....................10

*Eagleston v. Guido*,
41 F.3d 865 (2d Cir. 1994)....................7

*Glatzer v. Barone*,
614 F.Supp 2d 450 (S.D.N.Y. 2009)....................11

*Henessy v. City of Long Beach*,
258 F.Supp.2d 200 (E.D.N.Y. 2003) ....................7

*HSBC Bank USA, N.A., HSBC Mortgage Corporation (USA), Virginia Hammersmith, and Patric Lombardi v. New York City Commission on Human Rights*,
673 F. Supp. 2d 210 (S.D.N.Y. 2009)....................12

*Jeffes v. Barnes*,
208 F.3d 49 (2d Cir. 2000)....................7, 8

*Kassner v. 2nd Ave. Delicatessen Inc.*,
496 F.3d 229 (2d Cir. 2007)....................6

*L-7 Designs, Inc. v. Old Navy, LLC*,
647 F.3d 419 (2d Cir. 2011)....................6

*Levy v. Lerner*,
853 F. Supp. 636 (E.D.N.Y. 1994), *aff'd* 52 F.3d 312 (2d Cir. 1995)....................11

*In re Maloff*,
45 A.D.2d 834 (1st Dept. 1974)....................9

*Mancuso v. Hynes*,
379 F. App'x 60 (2d Cir. 2010) ....................6

*McCune v. Frank*,
521 F.2d 1152 (2d Cir. 1975)....................11

*Monell v. Dep't of Social Servs. Of City of New York*,
436 U.S. 658 (1978)....................7

*Morris v. David Lerner Assocs.*,
680 F. Supp. 2d 430 (E.D.N.Y. 2010) ....................2

*Ohio civ. Rights Comm'n v. Dayton Christina Schools, Inc.*,
477 U.S. 619 (1986)....................11

*Pabon v. Wright*,
459 F.3d 241 (2d Cir. 2006)....................6

*Rolon v. Henneman*,
517 F.3d 140 (2d Cir. 2008)....................6

*Snider v. Dylag*,
188 F.3d 51 (2d Cir. 1999)....................7

*Ximines v. George Wingate High Sch.*,
516 F.3d 156 (2d Cir. 2008) (per curiam)....................1

*Younger v. Harris*,
401 U.S. 37 (1971)....................1, 11, 12

**Statutes**

42 United States Code § 1983....................1, 4, 7, 9, 10

NYC Charter § 396 ....................1

NYC Admin. Code § 8-101 ....................2, 12

NYC Admin. Code § 8-107 ....................3

NYC Admin. Code § 8-123 ....................3, 9, 10

NYC Admin. Code § 8-125 ....................4, 9

**Other Authorities**

Constitution of the United States .................... 1, 4, 7, 8, 9

Federal Rule of Civil Procedure 12(b)(6) ....................1, 5

Defendant the New York City Law Department hereby moves to dismiss Plaintiff's complaint filed December 21, 2021 (the "Complaint") with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [1]

**PRELIMINARY STATEMENT**

Plaintiff Dianna Lysius, acting *pro se*, purports to bring this complaint under Title 42 of the United States Code Section 1983 for damages allegedly arising from a proceeding before the New York City Commission of Human Rights (the "Commission") and a subsequent state court action seeking judicial review of the final decision and order of the Commission ("State Court Action"). The Complaint refers to the First, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the United States Constitution as the basis for Plaintiff's Section 1983 claims. The Complaint fails, however, to state any facts demonstrating a violation of any of these Constitutional provisions. Further, the relief Plaintiff seeks is wholly disconnected from the allegations in the complaint and/or is beyond the power of this Court to grant or of Defendant to effectuate. In any event, this Court should decline to exercise jurisdiction over Plaintiff's claims in accordance with the *Younger* abstention doctrine, as Plaintiff is currently pursuing an appeal in

---

[1] Though named as a Defendant, the New York City Law Department is a mayoral agency and therefore not itself a suable entity. *See* NYC Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 160 (2d Cir. 2008) (per curiam). The undersigned does not represent any of the individual defendants named in this action at this time and it does not appear that individual defendants Phillipe Knab, Carmelyn Malalis, or Zoey Chenitz, all former employees of the Commission, have been properly served. *See* Docket 7 (stating that Jeffrey Lysius mailed a Summons and Complaint to the Commission addressed to these defendants, though they no longer work at the Commission and first class mail is not appropriate personal service). Notably, the Complaint fails to state any claim against the individual defendants, and in any event they each would be immune from the allegations in the Complaint by qualified and/or absolute immunity, as there are no allegations that any defendant violated any clearly established Constitutional right.

state court on the exact same facts presented in the Complaint. Accordingly, the Complaint should be dismissed in its entirety with prejudice.

## STATEMENT OF FACTS

The facts supporting this motion are set forth in the accompanying Declaration of Doris Bernhardt dated March 29, 2022 (the "Bernhardt Decl.") and the exhibits annexed thereto, and are summarized here for the Court's convenience.[2]

### *The CCHR Proceeding*

On or about February 5, 2018, the Commission, the New York City administrative agency responsible for investigation and adjudicating claims of discrimination arising under the New York City Human Rights Law (the "City HRL", codified at New York City Administrative Code ("NYC Admin. Code") Section 8-101 *et seq*.), filed a complaint on behalf of Holly Ondaan against Plaintiff, alleging that Plaintiff violated the City HRL by discriminating in the provision of a housing accommodation on the basis of immigration status and by retaliating against Ms. Ondaan for pursuing her complaint with the Commission. Bernhardt Decl. Ex. A at 2.

A two day hearing on the complaint was held by the New York City Office of Administrative Trials and Hearings ("OATH"), which conducts fact-finding hearings for the Commission, during which both sides presented evidence, including witness testimony and

---

[2] In deciding a motion to dismiss, the Court may consider matters subject to judicial notice and documents referenced in or integral to the allegations contained in the Complaint. *Morris v. David Lerner Assocs.*, 680 F. Supp. 2d 430, 435–36 (E.D.N.Y. 2010). It is well settled that the records of administrative proceedings conducted by human rights agencies, like the Commission here, are subject to judicial notice, particularly where, as here, the proceedings are integral to the plaintiffs' claims. *See id*. ("[W]ith respect to administrative filings (such as the [New York State Division of Human Rights] and EEOC) and decisions, the Court may consider such documents because they are public documents filed in state administrative proceedings, as well as because they are integral to plaintiff's claims").

documents. Bernhardt Decl. Ex. A at 3. The OATH Administrative Law Judge John Spooner issued a Report and Recommendation (the "ALJ's R&R") in which he recommended that the Commission: (1) find Plaintiff liable for discrimination based on immigration status in violation of NYC Admin. Code § 8-107(5)(a)(1)(b); (2) award damages to Ms. Ondaan of $12,000 for emotional distress (3) impose a civil penalty of $5,000, and (4) require Plaintiff to complete fifty hours of community service. Bernhardt Decl. Ex. A at 11-14.

The Commission issued its final Decision and Order (the "Commission D&O") on November 24, 2020 and served it on Plaintiff on November 25, 2020. Bernhardt Decl. Ex. B. The Commission D&O largely adopted the ALJ's R&R as to liability and modified the damages and civil penalty awards recommended therein, finding Plaintiff liable for discrimination based on NYC Admin. Code § 8-107(5)(a)(1)(b) and retaliation under NYC Admin. Code § 8-107(7), and ordering Plaintiff to: (1) immediately cease and desist from engaging in discriminatory conduct; (2) pay Ms. Ondaan $28,000 in damages for emotional distress within 60 calendar days; (3) either engage in a restorative justice process within 30 days, or pay a civil penalty of $12,000 within 60 days; and (4) undergo a Commission-led training on the HRL within 120 days. Bernhardt Decl. Ex. B at 42-43.

***The Ongoing State Court Action***

A Decision and Order of the Commission may only be reviewed by filing a petition for judicial review in state supreme court within 30 days of its service. NYC Admin. Code § 8-123 (a)-(h) (setting forth the exclusive procedure for seeking judicial review of Commission final orders). On or about April 2, 2021, approximately four months after service of the D&O, Plaintiff filed a Notice of Verified Petition and Verified Petition in New York State Supreme Court, Queens County, seeking, among other things, to overturn the Commission D&O. Bernhardt Decl. Ex. C at

1. The Law Department, on behalf of the Commission, answered and opposed the Petition, and cross-moved to enforce the Commission D&O pursuant to NYC Admin. Code § 8-125. Bernhardt Decl. Ex C at 1.

On June 28, 2021, Justice Kevin Kerrigan of the New York Supreme Court for Queens County issued an order dismissing Plaintiff's Verified Petition as time barred, recognizing that Plaintiff's petition was not timely because it was filed later than 30 days after service of the D&O. Bernhardt Decl. ¶ Ex. C at 3.

Plaintiff filed a notice of appeal on July 2, 2021, and the Commission cross-appealed seeking enforcement of the Commission D&O. Bernhardt Decl. ¶ 5. Plaintiff subsequently requested extensions of her time to perfect the appeal, which remains pending in the Appellate Division, Second Department. *Id*.

***The Instant Action***

Plaintiff filed the instant action with the *pro se* office of this District on December 13, 2021. *See* Docket 1. The Complaint purports to assert causes of action under Title 42 of the United States Code Section 1983 for violations of the First, Fifth, Sixth Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, *See* Docket 1 at 4, but largely consists of conclusory, unsupported, and unfounded allegations against various defendants and non-parties. Docket 1 at 5-8. Plaintiff appears to allege that the CCHR Proceeding and State Court Action constituted an immigration fraud scheme perpetrated by then-employees of the Commission, with the aid of OATH ALJ Spooner and Supreme Court Justice Kerrigan. *Id.* Plaintiff also appears to allege that she was denied proper process in the CCHR Proceeding, *Id.*, though the ALJ's R&R and the Commission D&O detail the extensive process that Plaintiff was granted in that proceeding. *See* Bernhardt Decl. Exs. A, B. Plaintiff does not allege any facts relating to Defendant

Law Department, except to describe its role as attorney for the Commission in the State Court Action. Docket 1 at 5. The Compliant attaches voluminous exhibits totaling 270 pages, many of which were previously submitted in the CCHR Proceeding and State Court Action. *See* Docket 1-2 through 1-8.

As relief, the Complaint seeks an order: reinstating Plaintiff's prior employment with the New York City Office of the Medical Examiner; providing back pay and benefits; granting damages of $5,000,000 for "fals[e] accus[ations]"; Subpoenaing immigration records for Holly Ondaan; "hold[ing] all parties accountable for violating [Plaintiff's] rights"; and "Remov[ing] all false statements ONLINE." Docket 1 at 10. This relief appears largely unconnected to the Plaintiff's allegations regarding the CCHR Proceeding and the State Court Action. The Complaint further states "see ATTACHED Relief," but the only other relief referenced in the Complaint's supporting documents is the relief sought in the State Court Action of reversing the Commission's D&O. *See* Docket 1-3 through 1-8.

Neither the Complaint nor any of its attachments contain any allegations stating how any actions of former Commission employees or the Law Department deprived Plaintiff of any rights protected by the First, Fifth, Sixth Seventh, Eighth, and/or Fourteenth Amendments.

**STANDARD OF REVIEW**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* In making this determination, the court considers "the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

A court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). However, the court need not accept as true "naked assertion[s]" unsupported by facts. *Twombly*, 550 U.S. at 557; *see also Iqbal*, 556 U.S. at 678 (holding that a complaint must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action). Courts are "not bound to accept 'conclusory allegations or legal conclusions masquerading as factual conclusions'" *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (quoting *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002)); *see also Iqbal*, 556 U.S. at 678 (no deference to legal conclusions in a complaint).

A *pro se* litigant's complaint is entitled to liberal interpretation and may be read as raising the strongest arguments that it suggests. *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). Nevertheless, a *pro se* complaint must be dismissed if it fails to satisfy the plausibility standard set forth in *Iqbal*. *See Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010).

Here, the complaint should be dismissed because it does not state a claim under any provision of law, the relief it seeks is not supported by the facts alleged, and in any event, the Court should decline to exercise jurisdiction over this collateral challenge to an on-going state court matter.

## ARGUMENT

### I. The Complaint Fails To State Any Claim Upon Which Relief Can Be Granted

The Complaint purports to state claims, pursuant to Section 1983 of Title 42 of the United States Code, under the First, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution. It is not clear, however, which rights, if any, Plaintiff believes were violated.

Section 1983 "provides an instrument by which an individual deprived of a federal right by a person acting under color of state law may be compensated." *Eagleston v. Guido*, 41 F.3d 865, 875 (2d Cir. 1994). "To state a claim under § 1983, a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law; and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States" or federal law. *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999) (citing *Dwares v. City of N.Y.*, 985 F.2d 94, 98 (2d Cir. 1993)).

Additionally, in a Section 1983 against a municipality (or municipal agency), "a plaintiff must show that she suffered a constitutional harm as a result of a municipal policy or custom." *Henessy v. City of Long Beach*, 258 F.Supp.2d 200, 207 (E.D.N.Y. 2003) (dismissing Plaintiff's §1983 claim against city employer for failure to allege any harm connected to a municipal policy or custom); *see also Monell v. Dep't of Social Servs. Of City of New York*, 436 U.S. 658, 694-95 (1978), *Jeffes v. Barnes*, 208 F.3d 49, 61 (2d Cir. 2000). A plaintiff can prove the existence of a city policy or custom in the following ways: "(1) a municipal official with final policymaking authority directly committed or commanded the constitutional violation; (2) a policy maker indirectly caused the misconduct of a subordinate municipal employee by acquiescing in a longstanding practice or custom which may fairly be said to represent official policy; or (3) a

municipal policymaker failed to adequately train their subordinates, if such failure amounts to "deliberate indifference" to the rights of the individuals who interact with the municipal employees." *Id.*

The four pages of substantive allegations contained in the complaint, *see* Docket 1 at 5-8, describe the CCHR Proceeding and the State Court Action and contain a number of conclusory and wholly unsupported statements accusing various former Commission employees, as well as OATH ALJ Spooner and NY Supreme Court Justice Kerrigan, of engaging in fraudulent schemes and otherwise acting unlawfully. None of these allegations, however, connect any supposed wrongdoing by any of these individuals to a violation of Plaintiff's constitutional rights.

Further, the Complaint does not even attempt to suggest that any municipal policy or practice caused any violation of Plaintiff's constitutional rights, and certainly not any policy or practice of the Defendant Law Department. In fact, the only allegations against the Law Department appear to be that Assistant Corporation Counsel Gavin Mackie answered Plaintiff's petition in State Court on behalf of the Commission and successfully argued that the petition was time-barred. *See* Docket 1 at 5.[3]

Even if the Court were able to ascertain from the Complaint which federal right Plaintiff believes was violated and which municipal policy or practice Plaintiff believes to exist, the Complaint does not demonstrate how any such violation has caused Plaintiff a concrete harm. The Complaint refers to "deprivation of property without due process," seemingly categorizing the CCHR Proceeding and State Court Action as violations of the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments. But Plaintiff participated fully and vigorously in both matters and

[3] Nor does the Complaint allege any policy or practice of the Commission (which is not named as a defendant) that led to violation of Plaintiff's rights.

received all process due therein. Indeed, she initiated the State Court Action and is currently seeking appeal of the trial court's decision in that matter. Moreover, Plaintiff has not been deprived of any property at all to date: decisions of the Commission can only be reduced to a judgment through the state court, and no judgment has been entered enforcing the Commission D&O. *See* Admin. Code § 8-125; *see also In re Maloff*, 45 A.D.2d 834, 834 (1st Dept. 1974) (stating that Admin Code § 8-123 and § 8-125 provide the exclusive means by which parties may seek judicial review and enforcement of Commission orders). It is not clear what allegations Plaintiff connects to her asserted claim under the First Amendment.

It is evident that Plaintiff is displeased with the outcome of the CCHR Proceeding and the State Court Action. That, however, is not a cognizable injury, much less a constitutional harm. If Plaintiff believes that the Commission D&O was incorrect or otherwise flawed, or the State Court Action was wrongly decided, her remedy is to continue her appeal in state court, as provided by NYC Admin. Code Section 8-123, which provides the sole avenue for seeking review of Commission orders, not to seek relief under Section 1983.

Accordingly, Plaintiff's Section 1983 claims should be dismissed.

## II. The Relief Sought in the Complaint is Unconnected to the Allegations or is Otherwise Unavailable

Plaintiff's Complaint does not establish any entitlement to the remedies that she purports to demand. The Complaint seeks an order from this Court to: "Reinstate last employment, retro pay of wages and all benefits; Payment of $5,000,000 for falsely accusing after proving my innocence in violation of all of my Civil Rights, Subpoena immigration records for Holly Ondaan by contacted USCIS as directed, hold all parties accountable for violating my rights under federal law; Remove all false statements ONLINE." Docket 1 at 6. This is followed by a direction to "see ATTACHED Relief," but the only other relief referenced in the supporting documents attached to

the Complaint is the relief sought in the State Court Action of reversing the Commission's D&O. *See* Docket 1-3 through 1-8. The Complaint does not support any of the relief requested.

First, the Complaint does not attempt to state a claim under any state or federal employment law that would entitle Plaintiff to reinstatement or back pay. Nor does the Complaint state any allegations concerning Plaintiff's former employment with the City's Office of the Medical Examiner. The only reference to Plaintiff's employment and termination, aside from the request for relief, is in the attachment labeled "Supporting Document 7," which contains 47 pages of documents relating to her employment and discussing the reason for her termination. *See* Docket 1-8. None of these documents state, or even suggest, that termination of Plaintiff's employment with the City was in any way related to the CCHR proceeding.

Second, Plaintiff does not, and cannot, provide any support for her claim for $5,000,000 in damages. To the extent Plaintiff is seeking damages because she believes the CCHR Proceeding and State Court Action were wrongly decided, her sole remedy is—again—to continue to pursue her appeal of the State Court Action. *See* NYC Admin Code § 8-123. Money compensation is not available. To the extent this demand may be read as a request for punitive damages against the City, it also fails as a matter of law because "[a] municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

The remaining relief, including subpoenaing immigration records and removing any references to the CCHR Proceeding, the State Court Action, and the Instant Action from the internet are beyond Defendant's power, even if this Court were inclined to grant such relief.

## III. *Younger* Abstention Precludes Any Additional Relief

The gravamen of the Complaint appears to be that the CCHR Proceedings and State Court Action, currently on appeal, purportedly violated Plaintiff's Constitutional rights and that Plaintiff is entitled to an order from the Court "hold[ing] all parties accountable." But, any relief that would enjoin or interfere with the State Court Action is precluded by the doctrine announced in *Younger v. Harris*, 401 U.S. 37, 46 (1971).

A federal court action that will interfere with a pending state court proceeding is subject to abstention on grounds of "comity, federalism and equity." *Levy v. Lerner*, 853 F. Supp. 636, 641 (E.D.N.Y. 1994), *aff'd* 52 F.3d 312 (2d Cir. 1995) (following *Younger*, 401 U.S. at 46). "The Second Circuit has reaffirmed that in recognition of the balance of state and national interests the doctrine serves to achieve, '*Younger* generally prohibits courts from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings so as to avoid friction.'" *Glatzer v. Barone*, 614 F.Supp 2d 450, 457 (S.D.N.Y. 2009) (citing *Apargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003). "*Younger* is 'mandatory,' the Circuit Court instructed, when (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate judicial review of his or her federal constitutional claims." *Glatzer*, 614 F. Supp 2d at 458 (quoting *Spargo*, 351 F.3d at 75.[4]

[4] Though *Younger* first applied in the context of criminal proceedings, the courts have regularly applied the doctrine to state civil and administrative proceedings. *See Ohio civ. Rights Comm'n v. Dayton Christina Schools, Inc.*, 477 U.S. 619, 627 (1986) ("We have applied the *Younger* principle to civil proceedings in which important state interests are involved. We have also applied it to state administrative proceedings in which important state interests are vindicated, so long as in the course of those proceedings the federal plaintiff would have a full and fair opportunity to litigate his constitutional claim.") (internal citations omitted); *see also McCune v. Frank*, 521 F.2d 1152, 1158 (2d Cir. 1975).

The CCHR Proceeding and the State Court Action fit squarely within the scope of the *Younger* doctrine and are the exact kind of matter which *Younger* counsels this Court must not enjoin or otherwise interfere with. *See HSBC Bank USA, N.A., HSBC Mortgage Corporation (USA), Virginia Hammersmith, and Patric Lombardi v. New York City Commission on Human Rights*, 673 F. Supp. 2d 210 (S.D.N.Y. 2009) (applying *Younger* abstention to an ongoing Commission proceeding). The CCHR proceeding certainly implicates important state and municipal interests, in that the Commission provides a forum for the City of New York and its residents to adjudicate claims and to provide remedies to those aggrieved by violations of the New York City Human Rights Law. NYC Admin. Code § 8-101. And as the State Court Action demonstrates, state court judicial review and appellate review are available to review the Commission's actions and its decision. Accordingly, *Younger* counsels that, to the extent this Court may interpret the allegations in the complaint as requesting an injunction or other interference with the State Court Action, this Court should reject such a request.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court dismiss the Complaint in its entirety with prejudice and grant Defendant such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 29, 2022

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
City of New York
*Attorney for Defendant New York City Law Department*
100 Church Street, Rm. 20-
New York, New York 10007

By: ____s/Doris Bernhardt________
Doris Bernhardt
Assistant Corporation Counsel