**Dianna Lysius**

**Against,**

**City of New York, New York City Commission on Human Rights,**

**New York City Law Dept., Philippe Knabb, Holly Ondaan, Carmalyn Malalis,**

**Zoey Chenitz, Sapna Raj, Nermina Arnaud, John B. Spooner**

### RE: LITIGATION HARASSMENT – BRIEFING SCHEDULE

Please accept this letter about the continued litigation harassment which I am receiving from the City of New York's attorneys Mr. Mackie. & Mrs. Berhadt with full knowledge of my innocence. At this juncture United States Department of Justice Civil Rights Division are put on notice to watch this case closely due to the continued support the City of New York is receiving to cover up the commission of fraud and violation of my civil rights. I have been in contact with the office for months (Damian Williams) and I am ready OFFICIALLY filing my complaint to inform them of the actions of ALL PARTIES that I encountered to date and share my USCIS FBI evidence and audio.

Without Eastern District Court adjudicating the matter, the evidence presented to date confirms my innocence and no one can't change that. The corruption is usually associated with amending or changing a law but no law can be change to make me GUILTY or overturn the Immigration Fraud. I continue to mentally revisit how I plan to commit suicide once Eastern District Court too violates my Civil Rights. The confirmation of me committing suicide was confirmed March 2022 when I realize that you Judge Lois Bloom never responded to my application for Informa pauperis that to date has been totally ignored. This leaves me to wonder if Eastern District Court is not understanding of the harassment associated with City of New York not wanting any of the defendants to speak on the matter as well as not submitting a notice of appearance on their behalf to help assist with a defense of untimely service. Rule 4(m) protects and provides an extension of time to serve. I made the deadline, the complaint you all assumed I would amended entirely, which I did not I just include the Younger Abstention exceptions and will submit a motion.

With that said, I am demanding the time to serve the summons/complaint extended under Rule 4(m) to serve all defendant as City of New York failed to submit a notice of appearance or defendants provide a waiver of service.

> **Rule 4(m) TIME LIMIT FOR SERVICE. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. <u>But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.</u>**

The order issued July 27, 2022, confirmed that I will receive confirmation whether City of New York will represent current and prior employees named in the matter. This was not done as outline in the Federal Rules of Civil Procedure. If a party is being represented the attorney must submit notice or the parties waving service must submit a waiver of service.

However, I made several attempts by sending many emails requesting a conference call to discuss the schedule with no reply.

The final email sent requesting a time to set a brief schedule was answered only because I threaten to inform the courts, specifically because it was 3 days before August 15th, which was the date the order, Judge Bloom you stated the defendants must provide confirmation whether the other defendants will be represented by the City of New York. To date only a letter submitted NO NOTICE OF APPEARANCE nor wavier of service which is not proper Civil Rules of Procedure. A concern I presented to the courts instead Mr. Mackie continues to send me an email which is not a proper schedule for case management, nor were any of the other parties to include Holly Ondaan part of the schedule. To further state, I have motions/subpeona's which I am going to submit and are not included in the schedule.

The continued acts of the City of New York trying to engage in setting a schedule without the other parties enjoined is not proper procedure. All parties must be informed

of the schedule to ensure their day to day lives are not affected or fail to respond to activity on the case.

I am sending the courts this letter, as I was previously threatened by G. Mackie on behalf of the City of New York, and I do not agree to speak with him about the schedule and request the courts to set a schedule.

As stated previously and reiterated today again the proper procedures must follow otherwise, I am not going to act, but will submit a motion by the end of the week requesting the courts to set a schedule. The last order issued by you Judge Bloom, you stated in the footnote that I was correct about the proper civil procedures and the City of New York must propose a revised schedule to conform and which should follow civil procedure. The note sent yesterday clearly is not civil procedure because it is in the same format as the previous schedule just the dates are changed.

**The issue was not the dates it was enjoining the parties and including me in discussions to set the schedule. In the email Mr. Mackie states an "ANTICIPATE THEY WILL RESPOND ON BEHALF OF THE AGENCIES", which is a not a clear indication that the defendants will respond or be represented. A waiver of service from the parties will be needed which the complaint and summons must be served within 60 days or 90 days should a waiver not be submitted.**

On motion, I will move the court to set the schedule, ensure all parties or enjoined, provide waiver of service, or notice of appearance submitted to include Holly Ondaan. The continued harassment to avoid answering is beyond me and I am not going to wait until a decision is rendered before I report the case to authorities I am dong my due diligence now because Judge Kevin Kerrigan clearly did what I would hope no other Judge will do and at this point preparing to commit suicide is not the avenue I sought the actions of Judge Bloom or Judge Jugarati's failure to provide injunction relief (motion will be submitted) will result in my death. The exceptions to the Younger Abstention doctrine is put in place for people such as myself and you Judge Bloom

know that I am innocent and are very familiar with law and just by reading the doctrine you clearly see the CORRUPTION & BAD FAITH.

In addition to awaiting my motion to set a briefing schedule, I am requesting a telephone conference and greatly appreciate that all discussion follow Federal Rules of Civil Procedure as the US Dept of Justice will watch this matter closely as they too will be informed that I going to commit suicide because of Eastern District Court. I listen to everything and pay attention to trends and changes in behavior and it's time to start making direct complaints to the Dept of Justice.

Regards

Dianna

8/16/22

## *Younger* abstention

*Younger* abstention, named for *Younger v. Harris*, 401 U.S. 37 (1971), is less permissive to the federal courts, barring them from hearing civil rights tort claims brought by a person who is currently being prosecuted for a matter arising from that claim in state court. For example, if an individual who was charged with drug possession under a state law believes that the search was illegal, and in violation of their Fourth Amendment rights, that person may have a cause of action to sue the state for illegally searching him. However, a federal court will not hear the case until the person is convicted of the crime. The doctrine has been extended to state civil proceedings in aid of and closely related to state criminal statutes,[2] administrative proceedings initiated by a state agency,[3] or situations where the State has jailed a person for contempt of court.[4] The doctrine applies even where the state does not bring an action until after the person has filed a lawsuit in federal court, provided that the federal court has not yet undergone proceedings of substance on the merits of the federal suit.[5]

There are three exceptions to *Younger* abstention:

1. Where the prosecution is in bad faith (i.e. the state knows the person to be innocent); or
2. Where the prosecution is part of some pattern of harassment against an individual; or
3. Where the law being enforced is flagrantly and patently unconstitutional (e.g., if the state were to pass a law making it a crime to say anything negative about its governor under any circumstances).

There are narrow exceptions to the *Younger* doctrine. **One exception requires a showing that the state prosecution was undertaken in bad faith**, meaning not to secure a valid conviction, but to **retaliate against or "chill" the exercise of constitutionally protected rights**.[40] There is also an exception when the pending state proceedings fail to afford a full and fair opportunity to litigate the federal claim, but this is rarely found to be the case, especially because the Supreme Court presumes state procedures afford a full and fair opportunity to litigate federal claims.[41]

Sent from Yahoo Mail for iPhone

On Wednesday, July 27, 2022, 11:06 AM, ecf_bounces@nyed.uscourts.gov wrote:

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## Eastern District of New York

**Notice of Electronic Filing**

The following transaction was entered on 7/27/2022 at 11:05 AM EDT and filed on 7/27/2022
**Case Name:**       Lysius v. NYC Law Dept. et al
**Case Number:**    1:21-cv-07001-DG-LB
**Filer:**
**Document Number:** 23

**Docket Text:**
ORDER: On July 15, 2022, plaintiff filed an Amended Complaint. Therefore, pursuant to the Court's May 24, 2022 Order, ECF No. 14, defendant Law Department's motion to dismiss the initial Complaint, ECF No. 8 - 10, is marked withdrawn without prejudice.
On July 22, 2022, counsel for defendant Law Department wrote to propose a briefing schedule for a motion to dismiss the Amended Complaint. ECF No. 21. On July 25, 2022, Plaintiff wrote to inform the Court she does not accept the schedule. ECF No. 22.
Plaintiff's Amended Complaint names several new defendants. The Office of Corporation Counsel has reached out to the newly named defendants, who are or were employees of the City of New York, regarding service of process. ECF No. 21. Counsel for defendant Law Department shall write to the Court by August 15, 2022 and state whether counsel shall accept service of the amended complaint on behalf of the newly named defendants. Counsel shall also state which defendants have authorized counsel to accept service of the Amended Complaint on their behalf and shall supply the last known addresses of those new defendants who will not authorize service of process on counsel.
The Court notes that only the Law Department is formally represented in this matter. Therefore, in the August 15, 2022 letter, counsel shall also state whether the anticipated motion will be made on behalf of all defendants. Counsel shall also propose a revised briefing schedule. The Law Department shall serve a copy of this Order on plaintiff. Ordered by Magistrate Judge Lois Bloom on 7/27/2022. (Kaplan, Isaac)


**1:21-cv-07001-DG-LB Notice has been electronically mailed to:**

Doris F. Bernhardt    dbernhar@law.nyc.gov, ECF@law.nyc.gov, gmackie@law.nyc.gov

Dianna Lysius    lysiusd@yahoo.com

**1:21-cv-07001-DG-LB Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=7/27/2022] [FileNumber=17054262-0]
[aa0e7a498e2ff3271721ae667d988c0316a85bf095a23b2a59c42db5ece0036bc306
0838690fcc54b5704e23ffda0b3c0145273ab0cf546514724c60fa8b52fa]]

As you would say "JUDGE'S ORDER", states that we must communicate to set up a schedule TOGETHER.

I am sending this email as a 2nd request and reminding you that August 15, 2022 is next week.

I am not going to accept to be including in scheduling discussion after you set the schedule and include me days before you response to the Judge's Order on the 15th.

I know which parties are not allowing the City of New York to receive service or response on their behalf I am just waiting for you to provide me with the information.

However, please accept this a 2nd request to set a schedule. Thereafter, the Judge will set the schedule.

I have several motions that will be presented specifically INJUNCTIVE RELIEF.

The matter will be turn it over to the Judge to complete the briefing schedule.

Thank you

On Wednesday, July 27, 2022 at 01:43:21 PM EDT, Dianna Lysius <lysiusd@yahoo.com> wrote:


Good day

Wjen you ready to communicate about a proposed schedule please let me know.

I think it's best we have a phone conference about the schedule because a lot has to address. Please follow Federal Rules of Procedure. Either way I'm serving the motion and Simone's/complaint

Also, if you accept service you need to inform them

If you are not representing the staff you to confirm this and you will answer to each claim for each person actions.

Thx

## RE: [EXTERNAL] Re: Activity in Case 1:21-cv-07001-DG-LB Lysius v. NYC Law Dept. et al Scheduling Order

From: Mackie, Gavin (Law) (gmackie@law.nyc.gov)

To: lysiusd@yahoo.com

Date: Tuesday, August 9, 2022, 03:20 PM EDT

Good afternoon Ms. Lysius,

I will be ready to discuss a schedule with you by tomorrow afternoon. Please let me know when you are available to for a call tomorrow afternoon or Thursday morning, and what is the best number to reach you at.

Thank you,

**Gavin B. Mackie**

Assistant Corporation Counsel

Affirmative Litigation Division

New York City Law Department

100 Church St. Rm. 20-26

New York, NY 10007

212.356.2272 (office)|646.988.6256 (cell)

(Pronouns: he/him/his)

From: Dianna Lysius <lysiusd@yahoo.com>
Sent: Monday, August 8, 2022 11:09 AM
To: Mackie, Gavin (Law) <gmackie@law.nyc.gov>
Subject: [EXTERNAL] Re: Activity in Case 1:21-cv-07001-DG-LB Lysius v. NYC Law Dept. et al Scheduling Order

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Forward suspect email to phish@cyber.nyc.gov as an attachment (Click the More button, then forward as attachment).

Good morning

# CONTACT INFO

From: Dianna Lysius (lysiusd@yahoo.com)
To: gmackie@law.nyc.gov
Cc: dbernhar@law.nyc.gov
Date: Friday, August 12, 2022, 01:59 PM EDT

Hi

Will you provide me the address to the parties so I can properly serve or will City of New York put in notice of representation.

Please confirm as court ordered.

Thank you

Sent from Yahoo Mail for iPhone

**From:** Dianna Lysius <lysiusd@yahoo.com>
**Sent:** Friday, August 12, 2022 1:59 PM
**To:** Mackie, Gavin (Law) <gmackie@law.nyc.gov>
**Cc:** Bernhardt, Doris (Law) <dbernhar@law.nyc.gov>
**Subject:** [EXTERNAL] CONTACT INFO

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Forward suspect email to phish@cyber.nyc.gov as an attachment (Click the More button, then forward as attachment).

Hi

Will you provide me the address to the parties so I can properly serve or will City of New York put in notice of representation.

Please confirm as court ordered.

Thank you

Sent from Yahoo Mail for iPhone

# RE: [EXTERNAL] CONTACT INFO

From: Mackie, Gavin (Law) (gmackie@law.nyc.gov)

To: lysiusd@yahoo.com

Cc: dbernhar@law.nyc.gov

Date: Friday, August 12, 2022, 03:57 PM EDT

Ms. Lysius,

I attempted to set a time to discuss this with you earlier this week in response to your prior emails, and you refused to set a time or accept my phone call. I note that the Court's order of July 27 requires that our office provide the requested information by letter to the Court on August 15, 2022. However, as a courtesy to you, I write to provide the below information in advance of writing to the Court in an attempt to come to an agreement on a schedule.

I have confirmed with the additional City defendants that we can accept service on their behalf. At this time, all named defendants aside from Ms. Ondaan have authorized us to waive service, and we anticipate that we will be responding on behalf of all City agencies and current and former City employees named in the Amended Complaint. Please let me know whether you will agree to the following proposed briefing schedule, which will be included in our letter to the court next Monday:

- City Defendants' Motion to Dismiss due September 16, 2022;
- Plaintiff's response due October 17, 2022;
- City Defendants' Reply due November 1, 2022.

Please let me know if you would like to discuss.

**Gavin B. Mackie**

Assistant Corporation Counsel

Affirmative Litigation Division

New York City Law Department

100 Church St. Rm. 20-26

New York, NY 10007

212.356.2272 (office)|646.988.6258 (cell)

(Pronouns: he/him/his)