Index No. 21 Civ. 7001 (DG)(LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Dianna Lysius,

                              Plaintiff,

            -against-

New York City Law Department, Philippe Knabb, Holly
Ondaan, Carmelyn P. Malalis, Zoey Chenitz, Nermina
Arnaud, Sapna Raj, John B. Spooner, City of New York,
and New York City Commission on Human Rights,

                              Defendants.

**DEFENDANT'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS**

**HON. SYLVIA HINDS-RADIX**
*Corporation Counsel of the*
*City of New York*
Attorney for Defendants City of New York,
New York City Law Department, New York
City Commission on Human Rights,  Philippe
Knabb, Carmelyn P. Malalis, Zoey Chenitz,
Nermina Arnaud, Sapna Raj, and John B.
Spooner
100 Church Street
New York, N.Y.  10007

Of Counsel:  Gavin Mackie

Service Date:  October 14, 2022

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................- 1 -

STATEMENT OF FACTS ...........................................................- 2 -

      THE COMMISSION PROCEEDING .......................................- 2 -

      THE ONGOING STATE COURT ACTION ............................- 4 -

      THE INSTANT ACTION........................................................- 4 -

STANDARD OF REVIEW ........................................................- 6 -

ARGUMENT ...........................................................................- 8 -

     I.   The Complaint Fails To State Any
Claim Upon Which Relief Can Be Granted.............................- 8 -

     II.   The Individual City Defendants
Are Protected by Qualified Immunity....................................- 12 -

     III.   The Relief Sought in the
Complaint is Unconnected to the Allegations or is
Otherwise Unavailable .........................................................- 13 -

     IV.   *Younger* Abstention Precludes
Any Additional Relief...........................................................- 15 -

CONCLUSION.........................................................................- 19 -

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Creighton*,
483 U.S. 635 (1987)................................................................................- 12 -

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................- 6 -, - 7 -

*Atlas Roofing Co. v. OSHC*,
430 U.S. 442 (1977)...................................................................- 9 -

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................- 6 -, - 7 -

*City of Newport v. Fact Concerts, Inc.*,
453 U.S. 247 (1981)................................................................- 14 -

*Collins v. Morsillo*,
1994 U.S. Dist. LEXIS 14133 (N.D.N.Y. 1994) ..................- 17 -

*Dwares v. City of N.Y.*,
985 F.2d 94 (2d Cir. 1993).......................................................- 8 -

*Eagleston v. Guido*,
41 F.3d 865 (2d Cir. 1994)........................................................- 8 -

*Giles v. Repicky*,
511 F.3d 239 (2d Cir. 2007)......................................................- 12 -

*Glatzer v. Barone*,
614 F.Supp 2d 450 (S.D.N.Y. 2009)........................................- 15 -

*Harlow v. Fitzgerald*,
457 U.S. 800 (1982)................................................................- 12 -

*Henessy v. City of Long Beach*,
258 F.Supp.2d 200 (E.D.N.Y. 2003) ........................- 8 -, - 9 -

*HSBC Bank USA, N.A. et al. v. New York City Commission on Human Rights*,
673 F. Supp. 2d 210 (S.D.N.Y. 2009).....................................- 16 -

*In re Maloff*,
45 A.D.2d 834 (1st Dept. 1974).............................................- 11 -

*Jeffes v. Barnes*,
    208 F.3d 49 (2d Cir. 2000)..........................................................- 8 -

*Kassner v. 2nd Ave. Delicatessen Inc.*,
    496 F.3d 229 (2d Cir. 2007)......................................................- 7 -

*Kugler v. Helfant*,
    421 U.S. 117 (1975).................................................................- 17 -

*L-7 Designs, Inc. v. Old Navy, LLC*,
    647 F.3d 419 (2d Cir. 2011)......................................................- 7 -

*Levy v. Lerner*,
    853 F. Supp. 636 (E.D.N.Y. 1994), *aff'd* 52 F.3d 312 (2d Cir. 1995)..................- 15 -

*Mancuso v. Hynes*,
    379 F. App'x 60 (2d Cir. 2010) .................................................- 7 -

*Monell v. Dep't of Social Servs. Of City of New York*,
    436 U.S. 658 (1978).................................................................- 8 -

*Moore v. Sims*,
    442 U.S. 415 (1979)..................................................- 16 -, - 17 -

*Pabon v. Wright*,
    459 F.3d 241 (2d Cir. 2006)......................................................- 7 -

*Rolon v. Henneman*,
    517 F.3d 140 (2d Cir. 2008)......................................................- 7 -

*Rufeh v. Schwartz*,
    50 A.D.3d 1002 (2d Dep't 2008) ................................................- 11 -

*Smith v. Local 819 I.B.T. Pension Plan*,
    291 F.3d 236 (2d Cir. 2002)......................................................- 7 -

*Snider v. Dylag*,
    188 F.3d 51 (2d Cir. 1999).......................................................- 8 -

*Spargo v. New York State Comm'n on Judicial Conduct*,
    351 F.3d 65 (2d Cir. 2003)........................................................- 15 -

*Textile Workers Pension Fund v. Standard Dye & Finishing Co.*,
    725 F.2d 843 (2d Cir. 1984).......................................................- 9 -

*Walczyk v. Rio*,
   496 F.3d 139 (2d Cir. 2007)..................................................................- 12 -

*Ximines v. George Wingate High Sch.*,
   516 F.3d 156 (2d Cir. 2008)..................................................................- 1 -

*Younger v. Harris*,
   401 U.S. 37 (1971)................................................- 2 -, - 15 -, - 16 -

## STATUTES

NYC Admin. Code § 8-107 ......................................................................- 3 -

NYC Admin. Code § 8-123 ................................................- 4 -, - 11 -, -14-

NYC Admin. Code § 8-125 ...........................................................- 4 -, - 10 -

42 U.S.C. § 1983................................................- 1 -, - 5 -, - 8 -, - 14 -

## OTHER AUTHORITIES

Fed. R. Civ. Pro. 9(b)..........................................................................- 10 -

Fed. R. Civ. Pro. 12(b)(6).....................................................................- 6 -

NYC Charter § 396 ..............................................................................- 1 -

Defendants the City of New York, the New York City Law Department, the New York City Commission on Human Rights,[1] (the "Institutional Defendants") Philippe Knabb, Carmelyn P. Malalis, Zoey Chenitz, Nermina Arnaud, Sapna Raj, and John B. Spooner (collectively the "Individual City Defendants" or, together with the Institutional Defendants, the "City Defendants") hereby move to dismiss Plaintiff's Amended Complaint filed July 15, 2022 (the "Amended Complaint") with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[2]

## PRELIMINARY STATEMENT

Plaintiff Dianna Lysius, acting *pro se*, purports to bring this Amended Complaint under Title 42 of the United States Code Section 1983 for damages allegedly arising from a proceeding before the New York City Commission of Human Rights (the "Commission") and a subsequent state court action seeking judicial review of the final decision and order of the Commission ("State Court Action"). The Amended Complaint refers to the First, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the United States Constitution as the basis for Plaintiff's Section 1983 claims. The Amended Complaint fails, however, to state any facts demonstrating a violation of any of these Constitutional provisions, or how any such violation may be connected to her purported injuries. The Individual City Defendants are protected by Qualified Immunity. Further, the relief Plaintiff seeks is largely disconnected from the allegations in the

---

[1] Though named as Defendants, the New York City Law Department and the New York City Commission on Human Rights are mayoral agencies and therefore not themselves suable entities. *See* NYC Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 160 (2d Cir. 2008) (per curiam).

[2] The undersigned does not represent defendant Holly Ondaan, who is not now and was not at any relevant time an employee of the City of New York.

Amended Complaint, or is otherwise unavailable. In any event, this Court should decline to exercise jurisdiction over Plaintiff's claims in accordance with the *Younger* abstention doctrine, as Plaintiff is currently pursuing an appeal in state court on the exact same facts presented in the Amended Complaint. Accordingly, the Amended Complaint should be dismissed in its entirety with prejudice.

## STATEMENT OF FACTS

The facts supporting this motion are set forth in the accompanying Declaration of Gavin B. Mackie dated October 14, 2022 (the "Mackie Decl.") and the exhibits annexed thereto, and are summarized here for the Court's convenience.[3]

### *The Commission Proceeding*

On or about February 5, 2018, the Commission, the New York City administrative agency responsible for investigating and adjudicating claims of discrimination arising under the New York City Human Rights Law (the "City HRL," codified at New York City Administrative Code ("NYC Admin. Code") Section 8-101 *et seq*.), filed a complaint on behalf of Holly Ondaan against Plaintiff, alleging that Plaintiff violated the City HRL by discriminating in the provision of a housing accommodation on the basis of immigration status and by retaliating against Ms. Ondaan for pursuing her complaint with the Commission. Mackie Decl. Ex. A at 2.

---

[3] In deciding a motion to dismiss, the Court may consider matters subject to judicial notice and documents referenced in or integral to the allegations contained in the Complaint. *Morris v. David Lerner Assocs.*, 680 F. Supp. 2d 430, 435–36 (E.D.N.Y. 2010). It is well settled that the records of administrative proceedings conducted by human rights agencies, like the Commission here, are subject to judicial notice, particularly where, as here, the proceedings are integral to the plaintiffs' claims. *See id.* ("[W]ith respect to administrative filings (such as the [New York State Division of Human Rights] and EEOC) and decisions, the Court may consider such documents because they are public documents filed in state administrative proceedings, as well as because they are integral to plaintiff's claims").

A two day hearing on the complaint was held by the New York City Office of Administrative Trials and Hearings ("OATH"), which conducts fact-finding hearings for the Commission. Both sides presented evidence, including witness testimony and documents. Mackie Decl. Ex. A at 3. Defendants Philippe Knab and Nermina Arnaud[4] represented the Commission during the hearing; Plaintiff represented herself *pro se*. The OATH Administrative Law Judge John Spooner[5] issued a Report and Recommendation (the "ALJ's R&R") in which he recommended that the Commission: (1) find Plaintiff liable for discrimination based on immigration status in violation of NYC Admin. Code § 8-107(5)(a)(1)(b); (2) award damages to Ms. Ondaan of $12,000 for emotional distress; (3) impose a civil penalty of $5,000, and; (4) require Plaintiff to complete fifty hours of community service. Mackie Decl. Ex. A at 11-14.

The Commission issued its final Decision and Order (the "Commission D&O") on November 24, 2020 and served it on Plaintiff on November 25, 2020. Mackie Decl. Ex. B. The Commission D&O largely adopted the ALJ's R&R as to liability and modified the damages and civil penalty awards recommended therein, finding Plaintiff liable for discrimination based on NYC Admin. Code § 8-107(5)(a)(1)(b) and retaliation under NYC Admin. Code § 8-107(7), and ordering Plaintiff to: (1) immediately cease and desist from engaging in discriminatory conduct; (2) pay Ms. Ondaan $28,000 in damages for emotional distress within 60 calendar days; (3) either engage in a restorative justice process within 30 days, or pay a civil penalty of $12,000 within 60 days; and (4) undergo a Commission-led training on the City HRL within 120 days. Mackie Decl. Ex. B at 42-43.

---

[4] At the time of these events, Defendants Knab and Arnaud served in the Commission's Law Enforcement Bureau, the division responsible for investigating and prosecuting alleged violations of the City HRL. Both have since left City service.

[5] At the time of these events, Defendant Spooner served as an administrative law judge at OATH. He no longer serves as an OATH ALJ.

***The Ongoing State Court Action***

A Decision and Order of the Commission may only be reviewed by filing a petition for judicial review in state supreme court within 30 days of its service. NYC Admin. Code § 8-123 (a)-(h) (setting forth the exclusive procedure for seeking judicial review of Commission final orders). On or about April 2, 2021, approximately four months after service of the Commission D&O, Plaintiff filed a Notice of Verified Petition and Verified Petition in New York State Supreme Court, Queens County, seeking, among other things, to overturn the Commission D&O. Mackie Decl. Ex. C at 1. The Law Department, on behalf of the Commission, answered and opposed the Petition, and cross-moved to enforce the Commission D&O pursuant to NYC Admin. Code § 8-125. Mackie Decl. Ex C at 1.

On June 28, 2021, Justice Kevin Kerrigan of the New York Supreme Court for Queens County issued an order dismissing Plaintiff's Verified Petition as time barred, recognizing that Plaintiff's petition was not timely because it was filed later than 30 days after service of the Commission D&O. Mackie Decl. Ex. C at 3.

Plaintiff filed a notice of appeal on July 2, 2021, and the Commission cross-appealed seeking enforcement of the Commission D&O. Mackie Decl. ¶ 5. Plaintiff subsequently requested extensions of her time to perfect the appeal, ultimately filing an appellate brief along with a motion to waive attorney certification of the record on June 3, 2022. This motion remains pending in the New York State Appellate Division, Second Department. *Id.*

***The Instant Action***

Plaintiff filed the instant action with the *pro se* office of this District on December 13, 2021. Docket 1. This office moved to dismiss on behalf of the Law Department, the only Defendant who had been properly served at that time, on March 29, 2022. *See* Docket 8-10. The

Court subsequently granted leave for Plaintiff to file the Amended Complaint, and requested that the Law Department accept service on behalf of all City Defendants. By letters dated July 1, 2022 and August 15, 2022, this office informed the Court and Plaintiff that all City Defendants had authorized the undersigned to accept service and to respond to the Amended Complaint on their behalf. By order dated August 22, 2022, this Court set a briefing schedule for the present motion.[6]

The Amended Complaint purports to assert causes of action under Title 42 of the United States Code Section 1983 for violations of the First, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, *see* Docket 19 at 7 & 19,[7] but largely consists of conclusory, unsupported, and unfounded allegations against various defendants and non-parties. Docket 19 at 8-14. Plaintiff appears to allege that the Commission Proceeding and State Court Action constituted an immigration fraud scheme perpetrated by then-employees of the Commission, with the aid of OATH ALJ Spooner and Supreme Court Justice Kerrigan.[8] *Id.* Plaintiff also appears to allege that she was denied proper process in the Commission Proceeding, *id.*, though the ALJ's R&R and the Commission D&O detail the extensive process that Plaintiff was granted in that proceeding. *See* Mackie Decl. Exs. A, B. Plaintiff does not allege any facts relating to Defendant Law Department, except to describe its role as attorney for the Commission in the State Court Action. Docket 19 at 12. Similarly, the Amended Complaint does not state any

---

[6] Despite this office's acceptance of service and the Court's instruction that "there is no need for plaintiff to serve [the City] defendants," Docket 26 at FN 1, in the last week Plaintiff has either served or attempted to serve at least five of the six Individual City Defendants. *See* Docket 27. This communication with represented parties is highly inappropriate, and this office will seek intervention from this Court should Plaintiff make any further attempts to contact the Individual City Defendants.

[7] While the Complaint references violations of the Fifth and Eighth Amendments as a basis for invoking this Court's jurisdiction, *see* Docket 19 at 7, the prayer for relief references only the First, Sixth, Seventh, and Fourteenth Amendments. *See* Docket 19 at 19.

[8] Though the Complaint contains a number of unsupported allegations against Justice Kerrigan, he is not named as a party to this matter.

allegations against Defendant Sapna Raj[9] and makes only one passing reference to Defendant Nermina Arnaud. *See* Docket 19 at 8-14. The Amended Complaint attaches voluminous exhibits totaling 731 pages, often duplicative, many of which were previously submitted in the Commission Proceeding and State Court Action. *See* Docket 19-1 through 19-4. It is not clear what relevance much of this material has to the allegations contained in the Amended Complaint.

As relief, the Amended Complaint seeks an order: directing an unnamed party to "primarily follow USCIS directives" and "subpoena USCIS records supporting claims/motive"; reinstating Plaintiff's prior employment with the New York City Office of the Medical Examiner; providing back pay and benefits; granting damages of $1,000,000 for "pain and suffering"; and holding all parties "accountable according to the law for their malicious acts against my life for deprivation." Docket 19 at 15. The prayer for relief additionally requests an order requiring an unnamed party to "ceist and decist (sic) from harassing my life before my life ends as a result." Docket 19 at 19. Much of this relief appears largely unconnected to the Plaintiff's allegations regarding the Commission Proceeding and the State Court Action.

Neither the Amended Complaint nor any of its attachments contain any allegations stating how any actions of any City Defendants deprived Plaintiff of any rights protected by the First, Fifth, Sixth, Seventh, Eighth, and/or Fourteenth Amendments.

## STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

---

[9] Defendant Raj currently serves as Deputy Commissioner for the Commission's Law Enforcement Bureau.

*Twombly*, 550 U.S. 544, 570 (2007)). This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In making this determination, the court considers "the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

A court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). However, the court need not accept as true "naked assertion[s]" unsupported by facts. *Twombly*, 550 U.S. at 557; *see also Iqbal*, 556 U.S. at 678 (holding that a complaint must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Courts are "not bound to accept 'conclusory allegations or legal conclusions masquerading as factual conclusions'" *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (quoting *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002)); *see also Iqbal*, 556 U.S. at 678 (no deference to legal conclusions in a complaint).

A *pro se* litigant's complaint is entitled to liberal interpretation and may be read as raising the strongest arguments that it suggests. *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). Nevertheless, a *pro se* complaint must be dismissed if it fails to satisfy the plausibility standard set forth in *Iqbal*. *See Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010).

Here, the Amended Complaint should be dismissed because it does not state a claim under any provision of law, the Individual City Defendants are entitled to absolute and/or qualified immunity, the relief it seeks is not supported by the facts alleged, and in any event, the Court

should decline to exercise jurisdiction over this collateral challenge to an on-going state court proceeding.

## ARGUMENT

### I.   The Amended Complaint Fails To State Any Claim Upon Which Relief Can Be Granted

The Amended Complaint purports to state claims, pursuant to Section 1983 of Title 42 of the United States Code, under the First, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution. It is not clear, however, which rights, if any, Plaintiff believes were violated, or what actions of any City Defendant constituted such violation.

Section 1983 "provides an instrument by which an individual deprived of a federal right by a person acting under color of state law may be compensated." *Eagleston v. Guido*, 41 F.3d 865, 875 (2d Cir. 1994). "To state a claim under § 1983, a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law; and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States" or federal law. *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999) (citing *Dwares v. City of N.Y.*, 985 F.2d 94, 98 (2d Cir. 1993)).

Additionally, to maintain a Section 1983 claim against a municipality (or municipal agency), "a plaintiff must show that she suffered a constitutional harm as a result of a municipal policy or custom." *Henessy v. City of Long Beach*, 258 F.Supp.2d 200, 207 (E.D.N.Y. 2003) (dismissing Plaintiff's §1983 claim against city employer for failure to allege any harm connected to a municipal policy or custom); *see also Monell v. Dep't of Social Servs. Of City of New York*, 436 U.S. 658, 694-95 (1978), *Jeffes v. Barnes*, 208 F.3d 49, 61 (2d Cir. 2000). A plaintiff can prove the existence of a city policy or custom in the following ways: "(1) a municipal official with

final policymaking authority directly committed or commanded the constitutional violation; (2) a policy maker indirectly caused the misconduct of a subordinate municipal employee by acquiescing in a longstanding practice or custom which may fairly be said to represent official policy; or (3) a municipal policymaker failed to adequately train their subordinates, if such failure amounts to "deliberate indifference" to the rights of the individuals who interact with the municipal employees." *Id.*

The Amended Complaint does not state a claim against the City Defendants because it does not identify any violation of Plaintiff's constitutional rights. The seven pages of substantive allegations contained in the Amended Complaint, *see* Docket 19 at 8-14, describe the Commission Proceeding and the State Court Action and contain a number of conclusory and wholly unsupported statements accusing various former Commission employees, as well as OATH ALJ Spooner and NY Supreme Court Justice Kerrigan, of engaging in fraudulent schemes and otherwise acting unlawfully. None of the well-pleaded factual allegations of the Amended Complaint, however, connect any supposed wrongdoing by any of these individuals to a violation of Plaintiff's constitutional rights.

The Amended Complaint does not appear to implicate Plaintiff's rights under the Sixth Amendment (rights in criminal prosecutions) or Eighth Amendment (excessive bail and cruel and unusual punishment). Further, it is well established that actions to vindicate public rights through an administrative proceeding are not subject to the Seventh Amendment's civil jury requirements. *See Atlas Roofing Co. v. OSHC*, 430 U.S. 442, 450 (1977); *Textile Workers Pension Fund v. Standard Dye & Finishing Co.*, 725 F.2d 843, 855 (2d Cir. 1984).

The Amended Complaint refers to "deprivation of property without due process," seemingly categorizing the entire Commission Proceeding and entire State Court Action as

violations of due process under the Fifth and Fourteenth Amendments. But Plaintiff participated fully and vigorously in both matters and received all process due therein. Tellingly, the Amended Complaint does not allege any well-pleaded facts showing how *any* of the City Defendants violated Plaintiff's due process rights. The Amended Complaint baldly and outrageously asserts, without any factual predicate, that the City Defendants conspired to commit immigration fraud, *see* Docket 19 at 8, but these naked assertions have no basis in any well-pleaded facts stated in the Amended Complaint. It is also unclear how Plaintiff believes the supposed fraudulent scheme is connected to any alleged violations of Plaintiff's constitutional rights.[10]

Similarly, the Amended Complaint makes conclusory allegations that in the Commission Proceeding, "act[ing] under color of law" Defendants Zoey Chenitz and Carmelyn P. Malalis[11] went "beyond [the] boundary of lawful authority by rendering a decision/order of guilt by denying me, Dianna Lysius, the petitioner my equal protection." Docket 19 at 9.[12] However, this assertion merely reflects Plaintiff's dissatisfaction with the outcome of the Commission Proceeding; it does not establish a violation of due process or equal protection. To the contrary, as is clear from the ALJ's R&R and the Commission D&O, Mackie Decl. Exs. A & B, Plaintiff received all process due under the Commission's rules. Plaintiff then initiated the State Court

---

[10] It does not appear that Plaintiff claims that any fraud was perpetrated against her personally, and in any event, none of her allegations are pled with the particularity required by Federal Rule of Civil Procedure 9(b)

[11] At the time of these events, Defendant Chenitz served as Senior Policy Counsel at the Commission, and Defendant Malalis served as Commissioner. Defendant Malalis signed the Commission D&O in her role as Commissioner. Both have since left these roles.

[12] The Amended Complaint also contains a conclusory allegation that Defendants Philippe Knab and Nermina Arnaud stole exhibits following the OATH proceeding, which appears to be a misunderstanding on Plaintiff's part of OATH's hearing procedures. Docket 19 at 12.

Action to overturn the Commission D&O and is currently seeking appeal of the trial court's decision in that matter.

Moreover, Plaintiff has not been deprived of any property at all to date: decisions of the Commission can only be reduced to a judgment through the state court, and no judgment has been entered enforcing the Commission D&O. *See* Admin. Code § 8-125; *see also In re Maloff*, 45 A.D.2d 834, 834 (1st Dept. 1974) (stating that Admin Code § 8-123 and § 8-125 provide the exclusive means by which parties may seek judicial review and enforcement of Commission orders). Nor did the State Court Action otherwise result in any deprivation of Plaintiff's property.

The only reference to a violation of the First Amendment appears to be Plaintiff's claim that the ALJ's R&R (and presumably also the Commission D&O) contained false and defamatory statements. Plaintiff has not brought any claim for defamation, however, nor could she maintain such an action. *See, e.g., Rufeh v. Schwartz*, 50 A.D.3d 1002, 1004 (2d Dep't 2008) (statements made in connection with a judicial or quasi-judicial proceeding are absolutely privileged). In any event, allegations of defamation do not state a claim under the First Amendment.

The Amended Complaint does not state a claim against the Institutional Defendants for an additional reason: it does not even attempt to suggest that any policy or practice of the City of New York or the Commission caused any violation of Plaintiff's constitutional rights. And even if the Court were able to ascertain from the Amended Complaint which federal right Plaintiff believes was violated and which municipal policy or practice Plaintiff believes to exist, the Amended Complaint does not demonstrate how any such violation has caused Plaintiff a concrete harm.

It is evident that Plaintiff is displeased with the outcome of the Commission Proceeding and the State Court Action. That, however, is not a cognizable injury, much less a constitutional harm. If Plaintiff believes that the Commission D&O was incorrect or otherwise flawed, or the State Court Action was wrongly decided, her remedy is to continue her appeal in state court, as provided by NYC Admin. Code Section 8-123, which provides the sole avenue for seeking review of Commission orders, not to seek relief under Section 1983.

## II. The Individual City Defendants Are Protected by Qualified Immunity

Even if the Amended Complaint did state a plausible claim for relief, the Individual City Defendants are protected by qualified immunity for actions they took in the course of performing their official duties. The Amended Complaint contains no claim, nor could it, that any Individual City Defendant violated any clearly established constitutional right.

"Qualified immunity protects officials from liability for civil damages as long as 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Giles v. Repicky*, 511 F.3d 239, 243 (2d Cir. 2007) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "A right is 'clearly established' if 'the countours of the right … are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

When an official invokes a claim of qualified immunity to support a motion to dismiss allegations that the official violated federal law, "a court must first consider a threshold question: Do the facts, viewed in the light most favorable to the plaintiff, show that the officer's conduct violated a constitutional right?" *Walczyk v. Rio*, 496 F.3d 139, 154 (2d Cir. 2007). "Only if the answer to the first question is yes must a court proceed to the inquiry for qualified immunity: was the right at issue clearly established at the time of the defendant's actions?" *Id.*

As a threshold matter, since the Amended Complaint does not state any claim that any City Defendant violated any constitutional right, *see supra* Point I, the Court need not consider whether any such right might have been "clearly established." However, even if the Court determines that the allegations are sufficient to indicate that *some* right may have been violated, it should dismiss because the Amended Complaint contains no allegations that any such right was "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Giles*, 511 F.3d at 243. As discussed *supra* in Point I, the Amended Complaint does not contain any credible allegations that any City Defendant deviated from the rules governing investigation and adjudication of a Commission proceeding. Absent such allegation, it is impossible to say that the City Defendants, following the procedures and rules established by law, violated any clearly established Constitutional right.

### III. The Relief Sought in the Amended Complaint is Unconnected to the Allegations or is Otherwise Unavailable

Plaintiff's Amended Complaint does not establish any entitlement to the remedies that she purports to demand. The Amended Complaint seeks an order from this Court to: "Primarily follow USCIS directives; subpoena USCIS records supporting claims/motive; Reinstatement of all civil service employment civil rights lost/taken, retro pay, benefits, etc.; $1,000,000 for pain and suffering at the hands of City of New York employees; all parties held accountable according to the law for their malicious acts against my life for deprivation." Docket 19 at 15. In her prayer for relief, Plaintiff also seeks reasonable litigation costs as well as "ceist & decist (sic) from harassing my life before my life ends as a result." Docket 19 at 19. The Amended Complaint does not support any of the relief requested.

First, the Amended Complaint does not attempt to state a claim under any state or federal employment law that would entitle Plaintiff to reinstatement or back pay. Nor does the

Amended Complaint state any allegations concerning Plaintiff's former employment with the City. It appears that the only reference to Plaintiff's employment and termination, aside from the request for relief, is in the attachment to the Amended Complaint labeled "Part 4" which contains fourteen pages of documents relating to Plaintiff's employment and discussing the reason for her termination. *See* Docket 19-4 at 34-48. None of these documents state, or even suggest, that termination of Plaintiff's employment with the City was in any way related to the Commission Proceeding.

Second, Plaintiff does not, and cannot, provide any support for her claim for $1,000,000 in damages. To the extent Plaintiff is seeking damages because she believes the Commission Proceeding and State Court Action were wrongly decided, her sole remedy is— again—to continue to pursue her appeal of the State Court Action. *See* NYC Admin Code § 8-123. Money compensation is not available. To the extent this demand may be read as a request for punitive damages against the City, it also fails as a matter of law because "[a] municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Plaintiff has not alleged any facts that would entitle her to damages for "pain and suffering". *See* Docket 19 at 8-14.

It is not clear what exactly Plaintiff is requesting in her claims for "Primarily follow USCIS directives; subpoena USCIS records supporting claims/motive" or "all parties held accountable according to the law for their malicious acts against my life for deprivation." Plaintiff has not indicated what USCIS directives should be followed or who should be following them. Nor is there any basis for her request to subpoena unspecified USCIS records. To the extent that the Court construes the request to hold the City Defendants "accountable according to the law" as

a request for a declaration that the City Defendants violated some Constitutional right, the Court should deny the request for the reasons stated *supra* in Parts I & II.

Finally, it is not clear what Plaintiff is requesting from this Court by asking for an order requiring Defendants to "ceist & decist (sic) from harassing my life." Docket 19 at 19. Plaintiff initiated both the State Court Action and the instant action, and is actively pursuing an appeal of the State Court Action. To the extent that the Amended Complaint seeks an order enjoining Defendants from defending these actions, or from pursuing any judgment that might result from the State Court Action, Plaintiff has provided no basis for such an order, nor could she. Additionally, any such relief would be barred by the *Younger* abstention doctrine, as discussed below.

## IV.    *Younger* Abstention Precludes Any Additional Relief

The gravamen of the Amended Complaint appears to be that the Commission Proceeding and State Court Action purportedly violated Plaintiff's Constitutional rights and that Plaintiff is therefore entitled to an order from the Court holding City Defendants "accountable according to the law" or requiring that they "ceist & decist (sic) from harassing my life." Docket 19 at 15 & 19. But any relief that would enjoin or interfere with the State Court Action is precluded by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37, 46 (1971).

A federal court action that will interfere with a pending state court proceeding is subject to abstention on grounds of "comity, federalism and equity." *Levy v. Lerner*, 853 F. Supp. 636, 641 (E.D.N.Y. 1994), *aff'd* 52 F.3d 312 (2d Cir. 1995) (following *Younger*, 401 U.S. at 46). "The Second Circuit has reaffirmed that in recognition of the balance of state and national interests the doctrine serves to achieve, '*Younger* generally prohibits courts from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings so as to

avoid friction.'" *Glatzer v. Barone*, 614 F.Supp 2d 450, 457 (S.D.N.Y. 2009) (citing *Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003). "*Younger* is 'mandatory,' the Circuit Court instructed, when (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate judicial review of his or her federal constitutional claims." *Id.* (quoting *Spargo*, 351 F.3d at 75).[13]

The Commission Proceeding and the State Court Action fit squarely within the scope of the *Younger* doctrine and are the exact kind of matter which *Younger* counsels this Court must not enjoin or otherwise interfere with. *See HSBC Bank USA, N.A., HSBC Mortgage Corporation (USA), Virginia Hammersmith, and Patric Lombardi v. New York City Commission on Human Rights*, 673 F. Supp. 2d 210 (S.D.N.Y. 2009) (applying *Younger* abstention to an ongoing Commission proceeding). The Commission proceeding certainly implicates important state and municipal interests, in that the Commission provides a forum for the City of New York and its residents to adjudicate claims and to provide remedies to those aggrieved by violations of the New York City Human Rights Law. NYC Admin. Code § 8-101. And as the State Court Action demonstrates, state court judicial review and appellate review are available to review the Commission's actions and its decision. Accordingly, *Younger* counsels that, to the extent this

---

[13] Though *Younger* first applied in the context of criminal proceedings, the courts have regularly applied the doctrine to state civil and administrative proceedings. *See Ohio civ. Rights Comm'n v. Dayton Christina Schools, Inc.*, 477 U.S. 619, 627 (1986) ("We have applied the *Younger* principle to civil proceedings in which important state interests are involved. We have also applied it to state administrative proceedings in which important state interests are vindicated, so long as in the course of those proceedings the federal plaintiff would have a full and fair opportunity to litigate his constitutional claim.") (internal citations omitted); *see also McCune v. Frank*, 521 F.2d 1152, 1158 (2d Cir. 1975).

Court may interpret the allegations in the Amended Complaint as requesting an injunction or other interference with the State Court Action, this Court should reject such a request.

The Amended Complaint makes vague and conclusory statements regarding exceptions to *Younger* for bad faith, harassment, and extraordinary circumstances. Docket 19 at 14; *see also Moore v. Sims*, 442 U.S. 415, 432-33 (1979) (describing the limited circumstances in which a Court may decline to apply *Younger* abstention). Most of these conclusory statements are simply repetitions of allegations referenced earlier in the Amended Complaint. *Id.* None of these allegations support an exception to the *Younger* standard. None of the well pleaded facts demonstrate that the Commission's D&O was written in bad faith; to the contrary the decision itself is well supported and largely adopts the findings of the neutral ALJ. *See* Mackie Decl. Ex. B. And "abstention should not be avoided simply because plaintiff's claims allege bad faith by the defendants, such as the conspiracy alleged in this case." *Collins v. Morsillo*, 1994 U.S. Dist. LEXIS 14133, *8 (N.D.N.Y. 1994). Further, despite Plaintiffs' repeated conclusory accusations of harassment, the Amended Complaint contains no factual allegations detailing any harassment. Finally, Plaintiff cannot demonstrate that the ongoing State Court Action "might create a sufficient threat of such great, immediate, and irreparable injury as to warrant intervention." *Moore*, 442 U.S. at 433 (quoting *Kugler v. Helfant*, 421 U.S. 117 (1975)). The State Court Action poses no such threat, and Plaintiff is free to assert her Constitutional claims in that action to be adjudicated in the first instance by the state courts.

The Court should therefore decline to exercise jurisdiction over Plaintiff's claims to the extent that such exercise would interfere with the ongoing State Court Action. To the extent that the Court believes that it can exercise jurisdiction without interfering with the ongoing State

Court Action, it should dismiss the Amended Complaint with prejudice for the reasons stated *supra* in Points I, II, and III.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court dismiss the Amended Complaint in its entirety with prejudice and grant Defendant such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 14, 2022

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
   City of New York
*Attorney for Defendant New York*
*City Law Department*
100 Church Street, Rm. 20-105
New York, New York 10007

By: *Gavin B. Mackie*
    Gavin B. Mackie
    Assistant Corporation Counsel