

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **GAVIN B. MACKIE**<br>*Assistant Corporation Counsel*<br>*212.356.2272*<br>*gmackie@law.nyc.gov* |

September 1, 2023

**Via PACER**
HON. DIANE GUJARATI
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 4B South
Brooklyn, NY 11201

        Re: *Dianna Lysius v. New York City Law Department et al;* Index No. 21-cv-7001(DG)(LB)

Dear Judge Gujarati,

      My office represents all the institutional and individual defendants named in this action, except for Holly Ondaan. I submit this letter response to Plaintiff Dianna Lysius' objections to Magistrate Judge Bloom's Report and Recommendation ("R&R") pursuant to Fed. R. Civ. Pro. 72(b)(2) for the Court's consideration.

      On June 12, 2023, Magistrate Judge Bloom issued a thorough and well-reasoned R&R, recommending that this Court dismiss Plaintiff's Complaint in its entirety with prejudice. This R&R included a thorough explanation of the factual record, accepting all facts in the light most favorable to Plaintiff. Magistrate Judge Bloom's recommendation that the Court dismiss Plaintiff's complaint with prejudice was based on sound legal conclusions, including: that Plaintiff failed to state a Fourteenth Amendment Due Process claim; that Plaintiff failed to state a defamation claim under the First, Eighth, and Fourteenth Amendments; that Plaintiff failed to state a claim under the Sixth and Seventh Amendments; that Plaintiff failed to state a claim for malicious abuse of process; that the institutional defendants NYC Law Department and the NYC Commission on Human Rights (the "Commission") are not suable entities; that Plaintiff failed to state a claim for municipal liability, applying the *Monnell* factors; that the individual defendants are each entitled to absolute immunity; that, given the lack of any plausible federal claim this Court should decline to exercise supplemental jurisdiction over any state law claims; and that, as Plaintiff was already afforded leave to amend and was unable to state any plausible claim for relief in her Amended Complaint, leave should not be granted again.

      Following two grants of an extension of time, Plaintiff filed her objection to the Magistrate Judge's R&R on August 22, 2023. While Plaintiff clearly disagrees with Magistrate Judge Bloom's recommendation, nothing in Plaintiff's objection addresses the legal conclusions thoroughly outlined in the R&R. Rather, Plaintiff asserts, despite the lengthy factual analysis contained in the R&R, that the Magistrate Judge did not properly read the underlying administrative record. Plaintiff continues to demand that this Court look back through the

administrative process and the evidence submitted through that process to overrule the determinations of the administrative law judge and the Commission. As Plaintiff is aware, however, the appropriate path to challenge a Commission order is to file a timely petition in the NY State Supreme Court as outlined in the Commission's rules. *See* N.Y.C. Admin Code § 8-123. In fact, Plaintiff did seek judicial review of the Commission's order in state court, but her petition was properly dismissed as untimely. Plaintiff filed an appeal in state court, but failed to perfect her appeal.[1]

Accordingly, this Court should accept the factual determinations and legal conclusions contained in the R&R and dismiss the Amended Complaint with prejudice.

Sincerely,

Gavin B. Mackie

cc: Dianna Lysius

---

[1] Additionally, Plaintiff continues her pattern of threatening self-harm and attempts to use that as leverage to demand that this Court reject the R&R. This Court should not countenance such behavior.