UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Dianna Lysius,

                Plaintiff,   **MEMORANDUM & ORDER**
                                                                      21-CV-07001 (DG) (LB)

        -against-

New York City Law Department, Philippe Knab,
Holly Ondaan, Carmelyn P. Malalis, Zoey Chenitz,
Nermina Arnaud, Sapna Raj, John B. Spooner,
City of New York, and New York City Commission
on Human Rights,

                Defendants.
-----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

       On June 12, 2023, Magistrate Judge Lois Bloom issued a Report & Recommendation ("R&R") recommending that the motion to dismiss brought by Defendants New York City Law Department, Philippe Knab, Carmelyn P. Malalis, Zoey Chenitz, Nermina Arnaud, Sapna Raj, John B. Spooner, City of New York, and New York City Commission on Human Rights (the "Moving Defendants") be granted and that *pro se* Plaintiff's Amended Complaint be dismissed. *See* R&R at 2, ECF No. 35.[1] More specifically, in the R&R, Judge Bloom discussed the *Younger* abstention doctrine; proceeded to consider Plaintiff's Amended Complaint on the merits; recommended that the Moving Defendants' motion to dismiss be granted and that Plaintiff's Amended Complaint be dismissed for the various reasons set forth in the R&R, with the Court declining to exercise supplemental jurisdiction over any state law claims and dismissing any state law claims without prejudice; and recommended that Plaintiff not be

---

[1] Familiarity with the detailed procedural history and background of this action is assumed herein.

permitted to amend again. *See generally* R&R.[2]

On August 22, 2023, Plaintiff filed objections to the R&R. *See* ECF No. 38. The Moving Defendants did not file any objections to the R&R but did file a response to Plaintiff's objections. *See* ECF No. 39.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*."); *Lorick v. Kilpatrick Townsend & Stockton LLP*, No. 18-CV-07178, 2022 WL 1104849, at *2 (E.D.N.Y. Apr. 13, 2022).

In light of Plaintiff's objections, which the Court construes liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court reviews *de novo* the R&R. A review of the R&R, the record, and the applicable law reveals that Judge Bloom properly concluded that the Moving Defendants' motion to dismiss should be granted; that Plaintiff's Amended Complaint should be dismissed for the various reasons set forth in the R&R, with the Court declining to exercise supplemental jurisdiction over any state law claims and dismissing any state law claims without prejudice; and that Plaintiff should not be permitted to amend again. The Court therefore adopts

---

[2] Although Defendant Holly Ondaan has not appeared in this action, Judge Bloom recommended that Plaintiff's claims against Defendant Ondaan be dismissed *sua sponte*. *See* R&R at 1 n.2.

2

the R&R's recommendations.

Accordingly, the Motion to Dismiss, ECF No. 28, is GRANTED and the Amended Complaint, ECF No. 19, is DISMISSED without leave to amend. With respect to any state law claims, such dismissal is without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

                                                  */s/ Diane Gujarati*
                                                  DIANE GUJARATI
                                                  United States District Judge

Dated: September 13, 2023
       Brooklyn, New York